IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

VS.                                                    CR. NO.   25-20035 (TLP)

**EDMUND HULL FORD, JR.**

    Defendant.

## MOTION TO DISMISS INDICTMENT

**COMES NOW** the Defendant, Edmund Hukk Ford, Jr. by and through his attorney, Michael E. Scholl, and respectfully moves this Honorable Court to dismiss the indictment as it pertains to Count 1 alleging a violation of 18 USC § 666 (a)(1)(B). Defendant makes this motion pursuant to Rule 7 (c)(1) and 12 (b)(3) of the Federal Rules of Criminal Procedure. Count 1 of the indictment is unconstitutionally vague and insufficient under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Rules 7 (c)(1) and 12 (b)(3) of the Federal Rules of Criminal Procedure. The indictment fails to state an offense and is also duplicitous. In addition to the above, Defendant is asking to strike certain language in paragraphs 13, 14, 23, and 24 of the indictment as being surplusage under Rule 7(d) of the Federal Rules of Criminal Procedure. In support of this motion, counsel would state as follows:

    1.    On February 27, 2025, the Defendant was indicted in a seven-count indictment involving violations of 18 USC § 666 (a)(1)(B) and 26 USC § 7201.

–1–

2.  Paragraph 67 of the indictment charging Count 1 states:

> Beginning in or around March 2020 and continuing until on or around May 2023, in the Western District of Tennessee and elsewhere, during which calendar years Shelby County received in excess of $10,000 from the United States government under federal programs involving grants, subsidies, loans, guarantees, insurance, and other forms of assistance.
>
> EDMUND HULL FORD, JR.
>
> an agent of Shelby County, whose duties included those of an elected Commissioner of Shelby County, did corruptly solicit, demand, accept, and agree to accept for his own benefit, things of value from individuals 1, 2, and 3 intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of Shelby County, Tennessee valued at $5,000 or more, that is the use of his public office to secure grant funds for NPO's 1, 2, and 3 in exchange for receipt of a portion of those funds for his own use and benefit, in violation of Title 18, United States Code, Section 666 (a)(1)(B).

3.  Paragraphs 1-66 of Count 1 discuss 5 organizations, 5 individuals, and multiple grants with the County Commission. There are 66 paragraphs pertaining to the violation of Section 666 (a)(1)(B). None of the paragraphs specifically state what particular prior agreement is the violation of this code section, nor when this agreement occurred.

4.  Count one of the indictment is duplicitous. It further lacks specificity and is vague in that it fails to state an offense. In failing to state an offense, the indictment fails to lay out any agreement that occurred before an official act or any specific date on which said agreement was made.

5.  Paragraphs 27 to 65 state general allegations. The statement of multiple general allegations in one count of the indictment creates duplicity.

6.  Paragraphs 27 to 37 discuss potential conduct in relation to what is referred to as NP01 in Count 1 of the indictment. These paragraphs describe a business relationship that may create a potential conflict but did not state an upfront agreement to bribe an official. The same is

true for paragraphs 38 through 53, dealing with NP02, and paragraphs 54 through 65, dealing with NP03. These paragraphs create duplicity surrounding one count of bribery. However, none disclosed an agreement between any of the parties made prior to any alleged act or when said agreement occurred.

### Law and Argument

**Dismissal of Count 1**

Rule 12 (b)(3) of the Federal Rules of Criminal Procedure allows for the Defendant to make a motion concerning the duplicity of counts in an indictment, Rule 12 (b)(3)(B)(i) and to dismiss for failure to state an offense. Rule 12 (b)(3)(B)(v). Rule 7 (d) of the Federal Rules of Criminal Procedure states that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged."

The two requirements of the indictment are that it "contains the elements of the offense charged and fairly informs a Defendant of the charge against which he must defend and that it enables him to plead an acquittal or conviction in bar of future prosecution for the same offense." United States v. Resendiz-Ponce, 549 U.S. 102, 108, 127 S. Ct. 782 (2007). Neither of these requirements exist here.

The indictment does not contain the proper elements of the offense and cannot survive the Supreme Court's most recent ruling in Snyder v. United States, 603 U.S. 1, 144 S. Ct. 1947, 219 L.Ed.2d 572(2024). The Court in Synder held "Section 666 proscribes bribes to state and local officials but does not make it a crime for those officials to accept gratuities for their past acts. Id Pp2; Pp 7-16. The Court stated that Congress "amended § 666 to avoid the law's possible application to acceptable commercial and business practices. "Id citing H.R. Rep. No. 99-797, p.

–3–

30 (1986). The court emphasized the corrupt state of mind and that the key inquiry is therefore "the timing of the agreement" between the parties, and "not the timing of the payment." Id @ 15. Further, the case focuses on the agreement to be influenced.

The indictment pertaining to Count 1 fails to mention the element of an agreement to influence or a quid pro quo to influence prior to any alleged official act. There is no mention of an agreement or when said agreement occurred prior to any official act.

Next Count 1 of this indictment fails to prevent against future prosecution for the same offense. Throughout the paragraphs of Count 1, it is impossible to ascertain which alleged conduct on which particular day actually encompasses Count 1. Multiple non-profits are mentioned, which are alleged to have actually purchased merchandise from E & J Computers on different occasions, which is what it appears Congress intended to exclude from § 666. It does not specify which alleged acts are in violation of § 666. In addition, this confusion through Count 1 causes duplicity.

**Surplusage in Count 1**

If not dismissed, the indictment does contain surplusage. Rule 7(d) of the Federal Rules of Criminal Proceedings provides "[u]pon the Defendant's motion, the court may strike 7(d) surplusage from the indictment." "[Rule 7(d)] is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." United States v. Kemper, 503 F. 2d 327, 330 (6th Cir. 1974). The Sixth Circuit noted that the granting of such motion is proper where the words stricken are not essential to the charge. Id

Rule 7(d), "introduces a means of protecting the Defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed.

R. Crim. P 7(d), Advisory Committee Notes. Language in the indictment is irrelevant when it is "unnecessary to prove an offense. "Further, an indictment's language is prejudicial if it serves only to 'inflame the jury, confuse the issues, and blur the elements necessary for conviction (quoting United States v. Back, 2011 U.S. Dist. LEXIS 12958 at 44 (E.D. Mich. Feb. 9, 2011). The indictment in this case includes paragraphs of conduct and information that confuse the issues, will inflame the jury, and blur the elements necessary for conviction. Specifically, the following paragraphs should be stricken as surplusage:

a) Paragraphs 13 and 14 discuss the Defendant's position and activities while on the Memphis City Counsel. This does not appear to be subject of this indictment and is highly inflammatory and only confuses the issues.

b) The first half of the sentence in paragraph 23 which states "While serving as a Member of the Memphis City Council…" is irrelevant and confuses the issues. The alleged events did not occur while Defendant was on the Memphis City Council.

c) Paragraph 24 contains facts concerning a newspaper article that does not involve the organizations mentioned in this indictment. Further, it confuses the issues, it is highly prejudicial and has no relevance, and it is not necessary for a conviction.

Each of these paragraphs or the languages referenced should be stricken pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure.

**WHEREFORE**, Defendant prays that this Honorable Court grant this motion and for such further relief as the court deems necessary.

Respectfully submitted:

s/ Michael E. Scholl
MICHAEL E. SCHOLL (16284)
Attorney for Defendant
253 Adams Avenue
Memphis, Tennessee 38103
(901) 529-8500

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served Assistant United States Attorney, Lynn Crum at 167 North Main, Suite 800, Memphis, Tennessee 38103, via electronic delivery, on this the 2ND day of October 2025.

s/ Michael E. Scholl
MICHAEL E. SCHOLL