**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

        **Plaintiff,**

**VS.**                                             **Criminal No. 25-cr-20035-TLP**

**EDMUND HULL FORD, JR.,**

        **Defendant.**

---

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNT 1 AND STRIKE LANGUAGE OF THE INDICTMENT**

---

The United States of America, by and through the undersigned counsel, responds as follows to the defendant's Motion to Dismiss Count 1 of the Indictment (RE-2). The Defendant's motion claims this count is both constitutionally insufficient and duplicitous. In addition, the Defendant claims there is surplusage in the Indictment that should be stricken. The motion should be denied.

## LAW AND ARGUMENT

**I.**        **Count 1 is constitutionally sufficient.**

Generally, an indictment is sufficient if the indictment sets forth the statutory language of the charged offenses along with "a statement of the facts and circumstances that will inform the accused of the specific offen[s]e" he is charged with. *Hamling v. United States*, 418 U.S. 87, 117-18 (1974); *see also United States v. Hudson*, 491 F.3d 590, 593 (6th Cir. 2007).

The indictment is not deficient, despite defendant's arguments citing the Supreme Court's decision in *Snyder v. United States*, 144 S. Ct. 1947 (2024). In *Snyder*, the Supreme Court held that 18 U.S.C. § 666 reaches only *quid pro quo* bribery, that is, conduct agreed to before a public official's action, and does not criminalize gratuities, that is, payments made to a public official only after action is taken. *Id*. It did nothing to modify the statutory language or elements required to prove a violation of the statute. *Id*. Thus, the Indictment appropriately alleges the offense because it follows the statutory language of the charged offense and includes the pertinent facts and circumstances to inform the defendant of the offense for which he is charged.

Additionally, dismissal under Rule 12 is appropriate only where the undisputed facts establish that the offense charged cannot be proven as a matter of law. *United States v. Levin*, 973 F.2d 463, 470 (6th Cir. 1992). "[I]f a defendant's pretrial motion requires the court to find facts that make up the elements of the case which would normally be reserved to the jury on trial of the general issue, the motion should be denied." *United States v. Cumberland Wood and Chair Corp.*, 1992 WL 317175, at *3 (6th Cir. Oct. 27, 1992). "[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) *citing Costello v. United States*, 350 U.S. 359, 362-63 (1956)); *see also* 41 Am. Jur. 2d Indictments and Informations.

In this case, the government has alleged that the defendant engaged in a scheme whereby he used his public office to secure grant funds in exchange for financial payments from the non-profit organizations to his company. Though not required for a constitutionally sufficient Indictment, in multiple places the government put forth information that the defendant made agreements with the individuals who later paid money to his company. Paragraphs 27 and 28 demonstrate an agreement prior to the resolution awarding a grant to Individual 1's non-profit in

paragraph 29. Paragraph 37 alleges a meeting where the defendant agreed to get Individual 1 a grant in exchange for purchasing computers from him. Paragraphs 38 through 40 allege that Individual 2 was in agreement with the defendant to receive a grant whereby they would each receive half of the grant money. Paragraphs 54 through 58 allege an agreement between Individual 3 and the defendant that exchanged grant funds split between the non-profit and the defendant that occurred even before the charged conduct in Count 1. The government has clearly laid out allegations that support a finding of *quid pro quo* bribery and not a gratuity, and it will be up to the jury to make the factual determinations based on the evidence.

## II.    Count 1 is not duplicitous.

"A duplicitous indictment charges separate offenses within a single count. The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of those offenses or on both." *United States v. Anderson*, 605 F.3d 404, 414 (6th Cir. 2010) (quoting *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997)) (citations and internal quotations omitted). "While a duplicative [sic] indictment can prejudice a defendant in a variety of ways, the primary concern is that a defendant may be deprived of his right to a unanimous jury verdict." *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007) (citations omitted). "[P]roper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." *Id*. at 444 (quoting *United States v. Lloyd,* 462 F.3d 510, 514 (6th Cir. 2006) (additional citation omitted)).

But Federal Rule of Criminal Procedure 7(c) permits a single count to allege that an offense was committed by "one or more specified means." As such, "[t]he government's presentation of multiple factual scenarios to prove [an] offense does not render the count duplicitous ..."

*Washington*, 127 F.3d at 513. Indeed, an indictment may charge multiple violations in a single count "[t]o avoid unnecessarily complex and confusing allegations and the concomitant prejudice [to the defendant] of charging him with scores of substantive counts arising out of the same scheme." *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981); *see also Cohen v. United States*, 378 F.2d 751, 754 (9th Cir. 1967) ("The government is to be commended rather than criticized" for simplifying the indictment by combining multiple calls for the same purpose in a relatively short time frame in a single count). Finally, "[i]f the indictment may be read to charge but one crime in each count, the court will do so." *United States v. McQuarrie*, 817 F. App'x 63, 80 (6th Cir. 2020) (quoting *United States v. Dolan,* 99 F.3d 1140, 1996 WL 599819, at *3 (6th Cir. 1996) (additional citation omitted)).

The mere existence of multiple factual scenarios by which the government can prove a charge does not per se convert it into a duplicitous charge. In *United States v. Washington*, the Sixth Circuit examined a conviction under 18 U.S.C. 841(a)(1) for possession with intent to distribute crack cocaine. 127 F.3d 513, 519 (6th Cir. 1997). Although count two of the indictment charged two separate drug transactions involving two defendants and six theories of involvement for a combined 72 different possible factual scenarios to prove the allegation, the court held that the count was not duplicitous. *Id*. at 519 n.3.

Like in *Washington* where there were multiple drug transactions underlying a single count, here the defendant had multiple instances of bribery during the period charged. The government has elected to charge the defendant with only one count for this scheme. Although the government has alleged that the defendant solicited three separate individuals to apply for grants so that he could use his public office to secure grant funds for their non-profit organizations in exchange for

a portion of those funds for his own benefit, the "presentation of multiple factual scenarios to prove [an] offense does not render the count duplicitous." *Id*. at 519.

In terms of other potential concerns, double jeopardy is not a potential avenue for prejudice "because the government is estopped from acting on any interpretation of the jury's verdict that would prejudice defendant's double jeopardy rights." *United States v. Sturdivant*, 244 F.3d 71, 78 (2d Cir. 2001) (citation omitted). Thus, even if the Court finds that Count 1 of the Indictment is duplicitous, it is not unfairly duplicitous such that dismissal is appropriate.

### III.    There is no surplusage in the Indictment.

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "The decision whether to strike language from an indictment rests within the sound discretion of the district court." *United States v. Emuegbunam*, 268 F.3d 377, 394-95 (6th Cir. 2001). Rule 7(d) "is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). However, "'if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant).'" *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quoting *United States v. Thomas*, 875 F.2d 559, 562, n.2 (6th Cir. 1989)).

The paragraphs that defendant moves to strike are all legally relevant to the information the government intends to prove at trial. Paragraphs 13 and 14 describe the defendant's activities on the Memphis City Council and are relevant to the operation of E&J Computer Services and Repair. The government will show, as outlined in paragraph 16, that E&J Computer Services and Repair deposited a significant amount of money received from non-profits starting in 2017, while

the defendant served on Memphis City Council and before his tenure on the County Commission. Though the defendant suggests the information in these paragraphs "is highly inflammatory" the paragraphs themselves are merely informational and should not be stricken. (RE-37, PageID 99).

The first half of the sentence in paragraph 23 is legally relevant to the scheme the defendant perpetuated and is the subject of the charge in Count 1. It is not prejudicial, merely informative.

Paragraph 24 contains facts the government will prove at trial that provided the basis for the defendant to change the method of receiving continued financial payments from the non-profits he corruptly solicited. It provides the context for why the defendant initially accepted direct payments to E&J Computer Services, but then changed the methods of payment. While it may be prejudicial, it is not unfairly so, as it is very relevant to the scheme perpetuated by the defendant and should remain in the Indictment.

**IV.    Conclusion**

Defendant's motion to dismiss Count 1 and strike language in the Indictment should be denied.

Respectfully submitted,

D. Michael Dunavant
United States Attorney

By:      /s/ Lynn Crum
Assistant United States Attorney
167 N. Main St., Suite 800
Memphis, TN 38103
Telephone: (901) 544-4231

## CERTIFICATE OF SERVICE

I, Lynn Crum, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system, and via email to the attorneys for the defendant.

This 14th day of October, 2025.

 /s/ Lynn Crum_____
Assistant United States Attorney