IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | No. 2:25-cr-20035-TLP-1 |
| v. | ) | |
| | ) | |
| EDMUND HULL FORD, JR., | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER DENYING MOTION TO DISMISS INDICTMENT

Defendant, Edmund Hull Ford, Jr., moves to dismiss Count One of the Indictment arguing that it is unconstitutionally vague, fails to state an offense, and is duplicitous. (ECF No. 37.) He also seeks to have several statements stricken from the Indictment because they are surplusage. (*Id.*) The Government responded. (ECF No. 38.) For the reasons explained below, the Motion is **DENIED**.

### BACKGROUND

The federal grand jury returned the Indictment charging Defendant with seven counts— (1) bribery and kickbacks related to programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B) and (2) attempt to evade or defeat tax in violation of 26 U.S.C. § 7201. (ECF No. 2 at PageID 30–31.) Count One claims that Defendant "did corruptly solicit, demand, accept, and agree to accept for his own benefit, things of value from Individuals 1, 2, and 3, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of Shelby County, Tennessee valued at $5,000 or more …." (*Id.* at PageID 31.) Defendant allegedly accomplished this by using his public office to secure grant funds for

nonprofit organizations ("NPOs") 1, 2, and 3 in exchange for a kickback of a portion of those funds for his own benefit in violation of 18 U.S.C. § 666(a)(1)(B). (*Id*.) Counts Two through Seven charge Defendant with "willfully attempt[ing] to evade and defeat income taxes … by filing false Forms 1040, U.S. Individual Income Tax Returns …" for the years of 2018 through 2023 in violation of 26 U.S.C. § 7201. (*Id.* at PageID 32–33.) These are the only counts in the Indictment.

Defendant now argues that Count One should be dismissed for three reasons: (1) the Count is "unconstitutionally vague and insufficient under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Rules 7 (c)(1) and 12 (b)(3) of the Federal Rules of Criminal Procedure"; (2) the Indictment "fails to state an offense'"; and, (3) the Indictment is duplicitous. (ECF No. 37.) The thrust of Defendant's argument is that Count One fails because it discusses conduct between multiple entities and individuals on many occasions over several years, and it is therefore insufficient and unconstitutional. He asserts that Count One does not identify a particular agreement before an official act that would have violated § 666(a)(1)(B). (*Id.*)

Defendant also argues that the language in paragraphs 13, 14, 23, and 24 of the Indictment are surplusage because they refer to the time when Plaintiff was a member of City Council. (*Id.*) And they refer to newspaper articles covering accusations against Defendant asserting ethical violations and Shelby County Charter violations related to the award of funds to a national nonprofit. (*Id.*) Defendant claims this language is both irrelevant to the allegations in the Indictment and prejudicial. (*Id.*)

The Government responds with many arguments. (*See* ECF No. 38.) First, it claims that Count One includes the statutory language and enough facts to satisfy the Constitution and the

Case 2:25-cr-20035-TLP    Document 41    Filed 12/02/25    Page 3 of 11    PageID 110

Rules of Criminal Procedure. (*Id.*) Next it notes that dismissal is inappropriate because it requires the Court to find facts that make up the elements of the case, the domain of the jury. (*Id.*) And it argues that Count One is not duplicitous because the alleged conduct constitutes "multiple factual scenarios" through which the Government can prove a single offense. (*Id.*) It adds that Double Jeopardy is not a concern because the Government cannot act "on any interpretation of the jury's verdict that would prejudice defendant's double jeopardy rights." (*Id.*) Finally, the Government argues that paragraphs 13, 14, 23, and 24 are essential, informative, and not prejudicial. (*Id.*) Before analyzing the arguments, the Court will first set forth the legal standard for that analysis.

**LEGAL STANDARD**

## I.      Sufficiency of the Indictment

Federal Rule of Criminal Procedure 7(c) lays out the requirements for an indictment. "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c). Courts assess the validity of the indictment from the face of the document. *Costello v. United States*, 350 U.S. 359, 363 (1956). "[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). An indictment is adequate if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

> An indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements

3

of the offense.  At the same time, the Supreme Court has cautioned: "Undoubtedly the language of the statute may be used in the general description of the offense, *but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense,* coming under the general description, with which he is charged."

*Landham*, 251 F.3d at 1079–80 (quoting *Hamling*, 418 U.S. at 117–18) (emphasis in original).

Dismissal of the indictment, or the offending count, is the proper remedy for a "legally deficient" indictment.  *Id*. at 1080.

## II.    Duplicity

An indictment is duplicitous if it alleges more than one distinct crime in a single count. *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007) (quoting *United States v. Davis*, 306 f.3d 398, 415 (6th Cir. 2002)).  "[T]he proof at trial is irrelevant to the question of whether an indictment is duplicitous."  *United States v. Singer*, 782 F.3d 270, 276 (6th Cir. 2015).  "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both.'"  <u>*United States v. Anderson*</u>, 605 F.3d 404, 414 (6th Cir. 2010) (citing <u>United States v. Washington,</u> 127 F.3d 510, 513 (6th Cir. 1997)).  So the Court's task is limited to assessing "whether the indictment can be read to charge only one violation in each count."  *United States v. Gordon*, 844 F.2d 1397, 1400 (6th Cir. 1988).  If the indictment may be read to charge only one crime, the Court will read it that way.  *United States v. Dolan*, 99 F.3d 1140, 1996 WL 599819, at *3 (6th Cir. 1996) (citing *United States v. Mastelotto*, 717 F.2d 1238, 1244 (9th Cir. 1983)).

Duplicity is a pleading rule, "the violation of which is not fatal to the indictment" (or count). *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981).  In fact, a duplicitous "charge is not prejudicial *per se*, because proper jury instructions can mitigate the risk of jury

4

confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." *United States v. Savoires*, 430 F.3d 376, 380 (6th Cir. 2005). To address a duplicitous count of an indictment, courts have discretion. *See Robinson,* 651 F.2d at 1194; *United States v. Giampietro*, 475 F.Supp.3d 779, 784 (M.D. Tenn. 2020). For example, one option is to require the government to elect the charge within the count upon which it will rely. *See Robinson,* 651 F.2d at 1194; *United States v. Giampietro*, 475 F.Supp.3d 779, 784 (M.D. Tenn. 2020). Or a court could provide the jury with a special instruction to mitigate the potential jury confusion or even dismiss the charge. *See Robinson,* 651 F.2d at 1194; *United States v. Giampietro*, 475 F.Supp.3d 779, 784 (M.D. Tenn. 2020). Of course, the government could also present to the grand jury a superseding indictment that splits the duplicitous charge into multiple counts.

### III.    Surplusage

Federal Rule of Criminal Procedure 7(d) allows a court to strike surplus language from an indictment upon a defendant's motion. Fed. R. Crim. P. 7(d). The Rule makes striking surplusage permissive, within "the sound discretion of the district court." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). It "is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." *Id.* And language is "unduly prejudicial if the language serves only to inflame the jury, confuse the issues, and blur the elements necessary for conviction[.]" *United States v. Buck*, No. 10-20350, 2011 WL 576649, at *1 (E.D. Mich. Feb 9, 2011) (quoting *United States v. Prejean*, 429 F.Supp.2d 782, 796 (E.D. La. 2006) (internal quotations omitted). But "[t]he granting of such a motion is proper, however, only where the words stricken are not essential to the charge." *Kemper*, 503 F.2d at 329. "[I]f the language in the indictment is information which the government hopes to properly prove at

trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quoting *United States v. Thomas*, 875 F.2d 559, 562 n. 2 (6th Cir. 1989) (internal quotations omitted). And "the standard under Rule 7(d) has been strictly construed against striking surplusage[.]" *Kemper*, 503 F.2d at 329.

## ANALYSIS

Defendant moves to dismiss Count One of the Indictment claiming that it is "unconstitutionally vague and insufficient under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Rules 7 (c)(1) and 12 (b)(3) of the Federal Rules of Criminal Procedure"; it "fails to state an offense'"; and (3) it is duplicitous. (ECF No. 37.) He also seeks to have Paragraphs 13, 14, 23, and 24 stricken from the Indictment because he contends that they are surplusage. (*Id.*)

## I.    Sufficiency of Count One

The Court finds unpersuasive Defendant's claims that the Court should dismiss Count One. The Government argues that Count One is valid because it "follows the statutory language of the charged offense and includes pertinent facts and circumstances to inform the defendant of the offense for which he is charged." And the Government asserts that Defendant's motion asks the Court to make findings of fact reserved for the jury at trial. It cites specific paragraphs of the Indictment that it alleges provide the basis for the quid pro quo bribery.

> Paragraphs 27 and 28 demonstrate an agreement prior to the resolution awarding a grant to Individual 1's non-profit in paragraph 29. Paragraph 37 alleges a meeting where the defendant agreed to get Individual 1 a grant in exchange for purchasing computers from him. Paragraphs 38 through 40 allege that Individual 2 was in agreement with the defendant to receive a grant whereby they would each receive half of the grant money. Paragraphs 54 through 58 allege an agreement between Individual 3 and the defendant that exchanged grant funds split between

the non-profit and the defendant that occurred even before the charged conduct in Count 1.

(ECF No. 38.)

The Supreme Court laid out the elements of a violation of § 666(a)(1)(B) in *Snyder v. United States*. *Snyder v. United States*, 603 U.S. 1 (2024) (holding that § 666(a)(1)(B) criminalizes quid pro quo bribery and not gratuities for past officials acts). "Section 666(a)(1)(B) makes it a crime for state and local officials to 'corruptly' accept a payment 'intending to be influenced or rewarded' for an official act." *Id.* at 10. Further, it must also be true that "the [relevant] organization, government, or agency receives, in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." 18 U.S.C. § 666(b).

Paragraph 67 of the Indictment uses the language of the § 666 to characterize Defendant's conduct including all elements.

> Beginning in or around March 2020 and continuing until in or around May 2023, in the Western District of Tennessee and elsewhere, during which calendar years Shelby County received in excess of $10,000 from the United States government under federal programs involving grants, subsidies, loans, guarantees, insurance, and other forms of assistance, EDMUND HULL FORD, JR. an agent of Shelby County, Tennessee, whose duties included those of an elected Commissioner of Shelby County, did corruptly solicit, demand, accept, and agree to accept for his own benefit, things of value from Individuals 1, 2 and 3, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of Shelby County, Tennessee valued at $5,000 or more, that is, the use of his public office to secure grant funds for NPOs 1, 2 and 3 in exchange for receipt of a portion of those funds for his own use and benefit, in violation of Title 18, United States Code, Section 666(a)(1)(B).

(ECF No. 37.)

In *Resendiz-Ponce*, the Supreme Court upheld an indictment with less detail than Count One here.

> On or about June 1, 2003, JUAN RESENDIZ–PONCE, an alien, knowingly and intentionally attempted to enter the United States of America at or near San Luis in

7

the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Nogales, Arizona, on or about October 15, 2002, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission. In violation of Title 8, United States Code, Sections 1326(a) and enhanced by (b)(2)."

*United States v. Resendiz-Ponce*, 549 U.S. 102, 105 (2007). The Government did not have to explain the specific conduct that formed the attempt because the word attempt already implies that Defendant committed an overt act with the required mental state. *Id.* at 107–11.

The Court finds that Count One of the Indictment here sufficiently "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* at 108 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Count One not only uses the language of the statute to accuse Defendant of violating § 666(a)(1)(B) over a specific time with specific individuals, much like the indictment in *Resendiz-Ponce*, it also includes many paragraphs of factual circumstances informing Defendant of the specific offense alleged. Whether these circumstances violate § 666(a)(1)(B) is ultimately for the jury to decide, but they, along with Paragraph 67 of the Indictment, make Count One adequate.

Defendant's Motion on the grounds that Count One is unconstitutionally vague or fails to state an offense is therefore **DENIED**.

## II.    Duplicity of Count One

The Court agrees with Defendant's argument that Count One is duplicitous because it alleges multiple quid pro quo agreements between Defendant and three individuals and nonprofits, each of which could constitute a violation § 666(a)(1)(B). While the Government is correct that Federal Rule of Civil Procedure 7(c) "permits a single count to allege that an offense was committed by 'one or more specified means,'" it has not properly pleaded the alleged

agreements as alternative means for a single violation of § 666(a)(1)(B).  Instead Count One

reads as if each instance of quid pro quo bribery would be a separate criminal violation.

Nowhere in the Indictment does the Government say that the alleged agreements are alternatives

for each other.  In fact, the Government alleges that Defendant violated § 666(a)(1)(B) when he

engaged in transactions with each of the individuals and nonprofits.  (*See* ECF No. 1 at PageID

14.)

Further, the Government's reliance on *United States v. Washington* for the premise that

"[t]he government's presentation of multiple factual scenarios to prove [an] offense does not

render the count duplicitous ..." is misplaced.  127 F.3d 510, 513 (6th Cir. 1997).  The relevant

count of the indictment in *Washington* alleged one instance of possession with intent to distribute

cocaine in violation of 18 U.S.C. § 841(a)(1).  *Id.* at 512 n. 2.  But the government later put on

proof at trial of two drug transactions that could have led to a conviction under the count.  *Id.* at

519 n. 3.  The Government here has not alleged separate agreements as alternative bases for

conviction of a single violation of § 666(a)(1)(B).  Instead, the Court finds that it has alleged

multiple violations of the statute under a single count.

That said, the Court agrees with the Government that Count One "is not unfairly

duplicitous such that dismissal is appropriate."  (ECF No. 38.)  The Court therefore **DENIES**

defendant's Motion to Dismiss Count One of the Indictment on the grounds that it is duplicitous.

The Court **ORDERS** the Government either to: (1) elect a single agreement to advance as a

violation of § 666(a)(1)(B); (2) divide Count One into multiple counts each consisting of a single

potential violation of § 666(a)(1)(B); (3) amend Count One to clarify that each agreement is an

alternative basis for a single violation of § 666(a)(1)(B); or (4) consent to a special unanimity

9

instruction to clarify to the jury the duplicity in the Count and ensure that it reaches a unanimous verdict.

## IV.    Surplusage in Count One

Defendant challenges Paragraphs 13, 14, and 23 because they reference Defendant's time on the Memphis City Council, which he considers irrelevant, inflammatory, and confusing to the jury.  (ECF No. 37.)  He also argues that Paragraph 24 of the Indictment should be stricken because it refers to an irrelevant and prejudicial newspaper article which is unnecessary for a conviction.  (*Id.*)  The Government argues that paragraphs 13 and 14 describe Defendant's activities on the Memphis City Council, which is relevant to the alleged bribery scheme.  (ECF No. 38.)  It also argues that Paragraph 23 is relevant to the bribery scheme, informative, and not prejudicial.  (*Id.*)  The Government lastly asserts that it intends to prove the facts in Paragraph 24 at trial, arguing that the provide "the basis for the defendant to change the method of receiving continued financial payments from the nonprofits he corruptly solicited."  (*Id.*)  Because the Government alleges that the bribery scheme overlapped with Defendant's time on the Memphis City Council and that all the challenged statements are relevant and essential to the Government's case, the Court **DENIES** Defendant's motion to strike Paragraphs 13, 14, 23, and 24.  This ruling in no way limits Defendant's ability to question the admissibility of evidence or to move to exclude evidence during trial.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss the Indictment is **DENIED**.  As to Count One however, the Court **ORDERS** the Government either to: (1) elect a single agreement to advance as a violation of § 666(a)(1)(B); (2) divide Count One into multiple counts each consisting of a single potential violation of § 666(a)(1)(B); (3) amend Count One to clarify that

each agreement is an alternative basis for a single violation of § 666(a)(1)(B); or (4) consent to a

special unanimity instruction to clarify to the jury the duplicity in the Count and ensure that it

reaches a unanimous verdict.  Defendant's motion to strike Paragraphs 13, 14, 23, and 24 of the

Indictment is **DENIED**.

        **SO ORDERED**, this 2nd day of December, 2025.

                          s/Thomas L. Parker

                          THOMAS L. PARKER
                          UNITED STATES DISTRICT JUDGE